# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MATSUO ENGINEERING/     )
CENTERRE CONSTRUCTION     )
A JOINT VENTURE,     )
    )
    Plaintiff,     )
    )     No. 14-1093C
    v.     )     (Senior Judge Eric Bruggink)
    )
THE UNITED STATES,     )
    )
    Defendant.     )

## DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in plaintiff's Introduction constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required.

## NATURE OF ACTION[1]

1. Admits.

2. Admits the allegation contained in paragraph 1 to the extent that plaintiff is a joint venture; denies the remainder of the allegations in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

## THE PARTIES

3. Denies the allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

---

[1] For clarity, defendant includes in its answer the headings plaintiff used in its complaint. We do not believe that the headings constitute allegations that require a response, however; if the headings are deemed to be allegations requiring a response, defendant denies the allegations contained in every heading.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits.

JURISDICTION

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

FACTUAL ALLEGATIONS

**I.      The Solicitation and the GSA-Provided Asbestos Reports**

7. Admits the allegations contained in paragraph 7 to the extent supported by Solicitation No. GS-08P-10-JB-C-007 cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the solicitations and reports cited, which are the best evidence of their contents; otherwise denies the allegations in paragraph 10.

11. Denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits the allegations contained in paragraph 19 to the extent supported by the November 12, 2008 report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in paragraph 20 to the extent supported by the November 2008 report and solicitation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 20.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22.     Admits the allegations contained in paragraph 22 (and the associated footnote 1 on page 4 of the complaint) to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23.     Admits the allegations contained in paragraph 23 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24.     Admits the allegations contained in paragraph 24 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25.     Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26.     Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27.     Denies.

28.     The allegations contained in paragraph 28 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29.     Denies.

30.     Admits the allegations contained in paragraph 30 to the extent supported by the solicitation documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 30.

### A. The 1994 Asbestos Report

31.     Admits the allegations contained in paragraph 31 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32.     Admits the allegations contained in paragraph 32 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33.     Admits the allegations contained in paragraph 33 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34.     Admits the allegations contained in paragraph 34 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

### B. The 2004 Asbestos Report

35.     Admits the allegations contained in paragraph 35 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36.     Admits the allegations contained in paragraph 36 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37.     Admits the allegations contained in paragraph 37 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 37.

38.     Admits the allegations contained in the first sentence of paragraph 38 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 38.  Denies the allegations contained in the second sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to their truth.

### C.     The 2008 Asbestos Report

39.     Admits the allegations contained in paragraph 39 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40.     Admits the allegations contained in paragraph 40 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41.     Admits the allegations contained in paragraph 41 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42.     Admits the allegations contained in paragraph 42 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43.     Admits the allegations contained in paragraph 43 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44.     Admits the allegations contained in paragraph 44 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45.     Admits the allegations contained in paragraph 45 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46.  Admits the allegations contained in paragraph 46 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47.     Admits the allegations contained in paragraph 47 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48.     Denies the allegations contained in the first sentence of paragraph 48; admits the allegations contained in the second sentence of paragraph 48 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 48.

49.     Admits the allegations contained in paragraph 49 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50.     Admits the allegations contained paragraph 50 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51.     Admits the allegations contained in paragraph 51 to the extent supported by the reports cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 51.

52.     Admits the allegations contained in paragraph 52 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 52.

53.     Admits the allegations contained in paragraph 53 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 53.

54.     Admits the allegations contained in paragraph 54 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 54.

55.     Admits the allegations contained in paragraph 55 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 55.

56.     Admits the allegations contained in paragraph 56 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 56.

57.     Admits the allegations contained in paragraph 57 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 57.

58.     Denies the allegations in sentence 1 of paragraph 58, except to the extent supported by the text of the document to which it refers, which is the best evidence of its

contents; admits the allegations contained in sentence 2 and 3 of paragraph 58 only to the extent supported by the text of the document to which it refers, which is the best evidence of its contents.

59.     Admits the allegations contained in the first sentence of paragraph 59 to the extent supported by the report cited which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 59.  The allegations contained in the second sentence of paragraph 59 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60.     Admits the allegations contained in paragraph 60 to the extent supported by the report cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 60.

61.     Admits the allegations contained in the first sentence of paragraph 61 that "collectively, the Asbestos Reports provided MC with affirmative representations concerning the locations and nature of the ACM at the Project" to the extent supported by the reports cited, which are the best evidence of their contents; otherwise denies the allegations contained in kthe first sentence of paragraph 61.  Denies the remainder of the allegations in paragraph 61 for lack of knowledge or information sufficient to form a belief as to their truth.

62.     The allegations contained in the second sentence of paragraph 62 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**II.     Contract and Performance**

63.     Admits.

64.     Admits.

65.     Admits the allegations contained in paragraph 65 that Walsh Environmental Scientists and Engineers, LLC assisted with performance of the project; denies the remainder of the allegations contained in paragraph 65 for lack of knowledge or information sufficient to form a belief as to their truth.

66.     Admits the allegations contained in paragraph 66 to the extent that Hudspeth & Associates, Inc. was a subcontractor on the project that performed asbestos work; denies the remainder of the allegations contained in paragraph 66 for lack of knowledge or information sufficient to form a belief as to their truth.

67.     Admits the allegations contained in paragraph 67 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 67.

68.     Admits the allegations contained in the first sentence of paragraph 68; denies the allegations contained in the second sentence of paragraph 68 for lack of knowledge or information sufficient to form a belief as to their truth.

69.     Denies the allegations contained in the first sentence of paragraph 69.  Denies the allegations contained in the second sentence of paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth.

70.     The allegations contained in paragraph 70 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

71.     The allegations contained in paragraph 71 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

72.     The allegations contained in paragraph 72 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73.     Admits the allegations contained in the first sentence of paragraph 73 to the extent that asbestos-containing materials were located on hydronic main lines; denies the remainder of the allegations contained in the first sentence of paragraph 73 for lack of knowledge or information sufficient to form a belief as to their truth.  Admits the allegations contained in the second sentence of paragraph 73 to the extent supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 73.

74.     Denies the allegations contained in paragraph 74 for lack of knowledge or information sufficient to form a belief as to their truth.

75.     The allegations contained in paragraph 75 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76.     Denies the allegations contained in paragraph 76 for lack of knowledge or information sufficient to form a belief as to their truth.

77.     Admits the allegations contained in paragraph 77 to the extent supported by the reports cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 77.

78.     Admits the allegations contained in the first sentence of paragraph 78. Denies the allegations contained in the second sentence of paragraph 78 for lack of knowledge or information sufficient to form a belief as to their truth.

79.     Admits the allegations contained in paragraph 79 that plaintiff "requested an equitable adjustment of the contract in connection with" a differing site condition in connection with alleged "unanticipated ACM"; the remainder of the allegations contained in paragraph 79 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

80.     Admits the allegation contained in paragraph 80 that plaintiff provided notice of a differing site condition related to some asbestos-containing materials; denies the remainder of the allegations contained in paragraph 80 for lack of knowledge or information sufficient to form a belief as to their truth.

81.     Admits the allegation contained in paragraph 81 that the subject of unanticipated ACM was discussed at some meetings with GSA; denies the remainder of the allegations contained in paragraph 81 for lack of knowledge or information sufficient to form a belief as to their truth.

82.     Admits the allegations contained in paragraph 82 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 82.

83.     Denies.

84.     Denies.

85.     Admits the allegations in paragraph 85 to the extent that the plaintiff did on at least one occasion inform the contracting officer of its belief that it had encountered asbestos-containing materials allegedly not identified in the Solicitation documents; denies the remainder of the allegations paragraph 85 for lack of knowledge or information sufficient to form a belief as to the truth.

86.     Admits the allegations contained in paragraph 86 to the extent supported by the letters cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 86.

87.     Admits the allegations contained in paragraph 87 to the extent supported by the letter cited, which is the best evidence of its contents. Defendant avers that the proper date of the referenced letter is March 14, 2013.

88.     Admits the allegations contained in paragraph 88 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 88.

89.     Admits the allegations contained in paragraph 89 to the extent supported by any documents memorializing of the May 6, 2013 communication, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 89 for lack of knowledge or information sufficient to form a belief as to their truth.

90.     Admits the allegations contained in paragraph 90 to the extent supported by the letters cited, which are the best evidence of their contents.

91.     Admits the allegations contained in paragraph 91 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 91.

92.     The allegations contained in paragraph 92 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

93.     Admits the allegations contained in paragraph 93 to the extent supported by the letter cited, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 93.

94.     The allegations contained in paragraph 94 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

95.     Admits the allegations contained in paragraph 95 (and the associated footnote 2 on page 15 of the complaint) to the extent supported by the documents summarized and cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 95.

96.     The allegations contained in paragraph 96 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

97.     The allegations contained in paragraph 97 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

98.    The allegations contained in paragraph 98 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

99.    The allegations contained in paragraph 99 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief of their truth.

100.    The allegations contained in paragraph 100 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief of their truth.

## III.    REA and Claim

101.    Admits the allegations contained in paragraph 101 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 101.

102.    Admits the allegations contained in paragraph 102 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise denies the allegations in paragraph 102.

103.    Admits the allegations contained in paragraph 103 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 103.

104.     Admits the allegations contained in paragraph 104 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise denies the allegations in paragraph 104.

105.     Admits the allegations contained in paragraph 105 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 105.

106.     Admits the allegations contained in paragraph 106 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 106.

107.     Admits the allegations contained in paragraph 107 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 107.

108.     Admits the allegations contained in paragraph 108 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 108.

109.     Admits the allegations contained in paragraph 109 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 109.

110.     The allegations contained in paragraph 110 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

111.     Admits.  Defendant further avers that, pursuant to 41 U.S.C. § 7103(f), defendant was not required to provide an explanation as to why more time was required.

112.     Denies.

113.    The allegations contained in the first sentence of paragraph 113 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.  Admits the allegations contained in the second sentence of paragraph 113 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 113.

114.    Denies.

115.    Defendant admits the allegations contained in paragraph 115 to the extent supported by the complaint filed in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 115 for lack of knowledge or information sufficient to form a belief as to their truth.

## COUNT I
## TYPE I DIFFERING SITE CONDITIONS

116.    Defendant's responses to the foregoing paragraphs are incorporated by reference.

117.    Admits the allegations contained in paragraph 117 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 117.

118.    The allegations contained in paragraph 118 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

119.    The allegations contained in paragraph 119 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

120.     The allegations contained in paragraph 120 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

121.     The allegations contained in paragraph 121 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

122.     The allegations contained in paragraph 122 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

123.     The allegations contained in paragraph 123 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

124.     The allegations contained in paragraph 124 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

125.     The allegations contained in paragraph 125 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

126.     Admits the allegations contained in paragraph 126 to the extent that, on at least one occasion, plaintiff provided notice of an alleged differing site condition relating to certain asbestos containing materials; denies the remainder of the allegations contained in paragraph

127.     The allegations contained in paragraph 127, and the "WHEREFORE" clause immediately following paragraph 127, constitute conclusions of law and plaintiff's

characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

<u>**COUNT II**</u>
<u>**CHANGES**</u>

128.    Defendant's responses to the foregoing paragraphs are incorporated by reference.

129.    Admits the allegations contained in paragraph 129 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 129.

130.    The allegations contained in paragraph 130 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

131.    The allegations contained in paragraph 131 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

132.    The allegations contained in paragraph 132 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

133.    The allegations contained in paragraph 133 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

134.    The allegations contained in paragraph 134 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

135.     The allegations contained in paragraph 135 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

136.     The allegations contained in paragraph 136 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

137.     The allegations contained in paragraph 137, and the "WHEREFORE" clause immediately following paragraph 137, constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## COUNT III
## DISPUTES

138.     Defendant's responses to the foregoing paragraphs are incorporated by reference.

139.     Admits the allegations contained in paragraph 139 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 139.

140.     Admits.

141.     Admits.

142.     Denies.

143.     Admits.  Defendant further avers that, pursuant to 41 U.S.C. § 7103(f), defendant was not required to provide an explanation as to why more time was required.

144.     The allegations contained in paragraph 144 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

145.    Admits the allegations contained in paragraph 145 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 145.

146.    The allegations contained in paragraph 146 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

147.    Admits the allegations contained in paragraph 147 to the extent supported by the complaint filed in this case, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 147 for lack of knowledge or information sufficient to form a belief as to their truth.

The allegations contained in the "WHEREFORE" clause immediately following paragraph 147 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## COUNT IV
## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

148.    Defendant's responses to the foregoing paragraphs are incorporated by reference.

149.    The allegations contained in paragraph 149 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

150.    The allegations contained in paragraph 150 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

151.    The allegations contained in paragraph 151 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

152.    The allegations contained in paragraph 152 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

153.    The allegations contained in paragraph 153 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

154.    The allegations contained in paragraph 154 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

155.    The allegations contained in paragraph 155, and the "WHEREFORE" clause immediately following paragraph 155, constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied..

156.    Denies that plaintiff is entitled to the relief set forth in its prayers for relief, or to any relief whatsoever.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just proper.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

157.  Defendant asserts that one or more of plaintiff's claims are barred, in whole or in part, by payment and/or accord and satisfaction to the extent that the claims were released through a modification to the contract.

### Second Affirmative Defense

158.    Plaintiff's claims are barred, in whole or in part, by the doctrine of prior material breach.

### Third Affirmative Defense

159.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by plaintiff's failure to mitigate its claimed damages.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director


    /s/Scott D. Austin
SCOTT D. AUSTIN
Assistant Director

    /s/Kenneth S. Kessler
KENNETH S. KESSLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Tel:  (202) 307-0313
Fax:  (202) 305-7643
Kenneth.Kessler@usdoj.gov

OF COUNSEL:

SHANA T. VINSON
Assistant General Counsel
Real Property Law Division
General Services Administration

April 24, 2015

Attorneys for Defendant